LIFE INSURANCE—PREVIOUS APPLICATION.
In an action on a life insurance policy, breach of warranty cannot be
predicated on the statement in an application made for another policy
that insured had not made a previous application, where the application
for the policy sued on contained no such statement.

Appeal from trial term.

Action by Christina Jans against the Workingman's Co-operative
Association of the United Insurance League of New York on a life
insurance policy.  From a judgment entered on a verdict in favor of
plaintiff, defendant appeals.  Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

W. B. Donihee, for appellant.

Goldfogle & Cohn, for respondent.

EHRLICH, C. J.  The action was by the plaintiff, as the benefi-
ciary named in a certain policy of $500, issued by the defendant.
The main defense was an alleged breach of warranty contained in
the application for insurance, in which the defendant alleges it
was stated that the insured, Peter Jans, had not made a previous
application for insurance.  The only statements of the kind are found
in Exhibit No. 3 and Exhibit A, and they relate to policy No. 22,621,
which is marked No. 1m, and which was issued July 25, 1892.  The
policy sued is marked Exhibit 2, and numbered 1,267.  In the ap-
plication for this policy there is no statement of any kind which was
proved to be untrue.  So that the defense of breach of warranty in
respect of this policy failed.

The other questions in the case were submitted to the jury under
the charge of the court, and the jury found for plaintiff.  Their ver-
dict is satisfactorily sustained by the evidence, and the judgment
entered thereon must be affirmed, with costs.

(10 Misc. Rep. 222.)  NORTON et al. v. McCARTHY.

(City Court of New York, General Term.  November 20, 1894.)

1. SET-OFF AND COUNTERCLAIM—ASSIGNED CLAIM.
Code Civ. Proc. § 502, subd. 1, provides that, in an action on a con-
tract which has been assigned, a demand existing against the party
thereto, or the assignee, at the time of the assignment, and belonging to
defendant, in good faith, before notice of the assignment, must be
allowed as a counterclaim.  *Held*, that defendant in an action by an
assignee cannot set off a claim against plaintiff's assignor which was
assigned to defendant after the assignment to plaintiff of the claim
sued on.

2. SAME—CONSIDERATION.
In an action by an assignee, plaintiff cannot inquire into the con-
sideration of an assignment to defendant of a claim against plaintiff's
assignor which defendant alleges as a counterclaim.

Appeal from trial term.

Action by George F. Norton and others against Frederick Mc-Carthy. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and Mc-CARTHY, JJ.

George W. Galinger, for appellants.

Richard B. Kelly, for respondent.

McCARTHY, J. This is an appeal from an order denying the plaintiffs' motion to set aside a verdict in favor of the defendant; and for the refusal to grant a new trial, and to permit the plaintiffs to go to the jury on the question of fact presented by the evidence; and upon the exceptions taken in said action, and from the judgment entered thereon. Plaintiffs sued as assignees of a claim for $760, for work, labor, and services rendered by their assignor to the defendant. The answer denied any knowledge or information sufficient to form a belief as to the assignment, and sets up as a further defense or counterclaim, a demand for $71.74 over and above the amount sued for by plaintiffs against plaintiffs' assignor, on four promissory notes held by the defendant. To this a reply was served, denying everything except the execution of the four promissory notes, and further alleging satisfaction and compromise of the notes with defendant's transferrors, transfer of the claims represented by the notes, for value, to a stranger, and also a denial that defendant is a bona fide holder of the notes. Numerous exceptions were taken during the trial to decisions of the court, including evidence, and also to the refusal of the court to submit specific questions to the jury, and to the direction of a verdict in favor of the defendant, as well as to the denial of a new trial. In other words, the plaintiffs' action is on an assigned claim, which the defendant admits, but counterclaims and offsets against the same the amount of four promissory notes made by plaintiffs' assignor, which were sold to defendant on January 3, 1894.

Section 502, subd. 1, of the Code of Civil Procedure, reads:

"If the action is founded upon a contract, which has been assigned by the party thereto, other than a negotiable promissory note or bill of exchange, a demand, existing against the party thereto, or an assignee of the contract, at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim, to the amount of the plaintiff's demand, if it might have been so allowed against the party or the assignee, while the contract belonged to him."

And this must control. It clearly means that the defendant can only offset such claims against plaintiffs' assignor, and thus against plaintiffs, as were due or had matured at the time of the assignment to plaintiffs of the claim in suit. If this be correct, and the authorities are clear, then there was error in considering, allowing, or directing a verdict for the defendant on the offset, for it certainly appears, and must be admitted, that if the assignment to plaintiffs was on December 5, 1893, then none of the notes of the

plaintiffs' assignor, which were assigned to the defendant, were due or had matured on that date, and could not, therefore, be the subject of an offset at that time; and if it is contended by the defendant that the date of the assignment of plaintiffs' claim by their assignor was on January 5, 1894, then that question should have been submitted to the jury; and here at least two of the notes offset by defendant were not due or matured on January 5, 1894, and could not be the subject of offset, and was therefore error.

Davies, C. J. in Martin v. Kunzmuller, 37 N. Y., at page 398, says:

"The only question presented for the consideration of this court upon this appeal is whether the defendants were entitled to set off against the plaintiffs' demand the amount of the note made by their assignors, which was not due at the time of the assignment to the plaintiffs of the demand against the defendants."

And at page 402 says:

"The defendants' difficulty is that at the time of the assignment they had no demand against any one. At the time of the assignment to the plaintiffs in this case, the demand of the defendants had not matured, so as to be the subject of a set-off."

And at page 403 says:

"We have held that if, at the time of the assignment, the defendant has no present debt due and payable by the assignor, he has no set-off, and that he cannot set off against a debt due and payable by him to the assignor a debt of his which matures afterwards."

See, also, Myers v. Davis, 22 N. Y. 489, 490.

And these cases and many others are fully approved by Gray, J., in Fera v. Wickham, 135 N. Y. 229, 31 N. E. 1028, in which he says:

"In other words, if there is no right of set-off when an assignment is made, it cannot arise afterwards, in favor of a creditor. Cross demands which do not mature until after such an assignment could not have been the subject of set-off when the assignment was made, for a demand in praesenti is necessary to an allowance by way of set-off. I think the logical and natural extension of the principle of the decision in Myers v. Davis is authoritative in the decision of the present case. The right of set-off must attach at the time of the making of the assignment. It cannot arise afterwards."

Besides, as to any notes or demands which were due or had matured, for such an assignment to entitle the defendant to avail himself of such demand by set-off, he must show that it belonged to him, in good faith, before notice of the assignment. This does not mean that he may set off any claims acquired by him prior to his receiving notice of plaintiffs' assignment, but that he must prove the fact, as well, that he has acquired the claim (which, under the statute, is already limited to that due or matured at the time of the assignment to plaintiffs) in good faith, and before obtaining notice or knowledge of such assignment. If he acquires this claim after he receives notice of the assignment to the plaintiffs, and in bad faith, it would defeat his set-off. Upon this branch, the plaintiffs had a right to examine the defendant as to the time, date, and manner of the assignment to defendant, to show actual or constructive notice to defendant of the assignment to plaintiffs. This could only be done in the manner observed by plaintiffs,—and also on the

question of good faith thereof, and to show, if possible, that the claim or demand had been paid or compromised before the sale and transfer to the defendant.

Of course, the plaintiffs could not question the amount of the consideration paid by the defendant in the purchase, sale, and transfer of these notes or demand. It is immaterial, and the other party cannot inquire into the same. The assignor could give the demand to the defendant, or sell it to him for an inadequate consideration. It is enough that the defendant had the legal title to the demand, and that the plaintiffs' assignor and plaintiffs would be protected in a payment or recovery. Greenwood v. Marvin, 111 N. Y. 423, 440, 19 N. E. 228; Sheridan v. Mayor, etc., 68 N. Y. 30. The defendant, however, took these notes subject to all the defenses and equities which existed between the defendant's assignor and the plaintiffs' assignor up to the time of the making of the assignment of the claim to the plaintiffs, and therefore the plaintiffs would have the right to present and maintain any defenses which their assignor might have had to these notes at that time. We do not say that the plaintiffs were correct in all the questions put by them, and which were disallowed, and to which they excepted, but we say that sufficient questions were put by them, and disallowed by the court, and properly excepted to by them, to raise the various points which we have treated and commented upon here. The trial justice having erred in directing a verdict for the defendant, and in also excluding evidence as above, the judgment should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.