FREDERICK EDER, Respondent, *v.* SETH H. GILDERSLEEVE and Another, Appellants.

*Facts not reviewable on appeal from a judgment — counterclaim of a judgment — a discharge from a contempt a good consideration for an undertaking — objection to evidence not sufficiently specific.*

Upon an appeal from a judgment entered upon the verdict of a jury, if no order denying a motion for a new trial was made or entered, the facts are not before the appellate court for review, and it is confined upon appeal to the judgment and exceptions.

In an action brought by the assignee of a cause of action the defendants cannot interpose, by way of counterclaim, a judgment recovered by them against the plaintiff's assignor, where the assignment was made before the defendants obtained their judgment, commenced their action, or even had the cause of action.

Upon the trial of an action it appeared that the defendants had been proceeded against as for a contempt, and that to terminate such proceeding and release themselves from the possibility of an adverse order they had offered to give an undertaking to pay any judgment that might be recovered in the action.

This offer being made, the court decided in the proceedings for contempt that the giving of the proposed undertaking should lead to a denial of the motion, and that an order should be entered to that effect. In pursuance of such determination the parties proceeded against caused an undertaking to be executed and delivered to the plaintiff in the action, who accepted it.

*Held,* that after the acceptance of such undertaking by the plaintiff the defendants were at liberty to enter an order denying the motion to attach them for contempt, and that their failure to do so would not affect the validity of the undertaking which was given and accepted upon a sufficient consideration;

That such undertaking was good at common law, and, being based upon a sufficient consideration, it was binding upon the sureties.

An objection taken to the admission in evidence, upon the trial of an action, of the assignment of a claim executed by a corporation under its seal and signed by its president and duly acknowledged, and the authority to sign and the genuineness of the seal sworn to by him, on the ground that it is incompetent and immaterial, is not sufficient to present the question that the assignment is inadmissible in evidence on the ground that it is a void instrument, because it has not been shown to have been the act of the corporation by proof of the resolution which authorized it.

VAN BRUNT, P. J., dissenting.

APPEAL by the defendants, Seth H. Gildersleeve and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of January, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit.

*B. E. Valentine,* for the appellants.

*James Flynn,* for the respondent.

O'BRIEN, J.:

No order denying a motion for a new trial was made or entered, and as the facts, therefore, are not before us for review, we are confined on this appeal to the judgment and exceptions.

It appears that the Lawrence Beach Company, in 1887, brought an action against their lessees of a hotel and recovered judgment on the 27th day of February, 1890, for $1,985.18. Pending that action a receiver of the property and income of the hotel was appointed, to whom the lessees were directed to deliver certain books and property, which they refused to do. Being proceeded against as for a contempt, they offered and were permitted, upon the motion to pun-

ish them, to give an undertaking, with two sureties, to pay any judgment that should be recovered in the action. The court directed that if such undertaking was given the motion for an attachment as against them should be denied. These defendants became the sureties upon such undertaking, under which they obligated themselves to pay all costs and damages that might be awarded in the action pending, not to exceed $2,200.

Evidence was given tending to show that prior to the judgment this undertaking was assigned to the plaintiff, who had become the attorney for the Lawrence Beach Company a short time after it had commenced its action against the lessees, the consideration for such assignment being his services as attorney and counsel in that and other actions. In 1890 judgment was recovered against the lessees, and execution issued and returned unsatisfied, and after that this suit was brought against the defendants upon the undertaking.

On the trial the defendants relied upon the following defenses :

I. That the assignment had not been actually made to the attorney, as claimed by him, and that the instrument produced on the trial was an afterthought, and procured because of the appointment of a receiver of the corporation.

II. That the assignment, even if executed in 1888, as claimed by the plaintiff, was not merely voidable, but absolutely void, under the terms of the statute then in force, which prohibited the transfer by a corporation which had refused payment of its written obligations of any of its property to any officer of the corporation, and which made every transfer in contemplation of insolvency absolutely void.

III. That the contract claimed by the plaintiff as an assignment was subject to the offset of contract obligations held by the defendants against said plaintiff corporation before they had any notice of such assignment.

IV. That the instrument upon which the action was based was void for want of consideration.

V. That the cause of action stated in the complaint was one, not in favor of the plaintiff, but in favor of the company.

Whether any of these is shown on this appeal to have been sustained is the question presented.

*First.* Not only was the first defense disposed of by the verdict,

but, as it involved a consideration of the facts, it is not before us for review.

*Second.* The answers to the second defense are that the plaintiff was not an officer of the company; there is no evidence that the company was insolvent in 1888, when the assignment was made, and the illegality is not pleaded. The only place where the question seems to have been raised was on the request to charge, and we think the trial judge correctly ruled that there was no force in the defendants' contention. Apart from this, to determine the validity of the assignment the facts would need to be reviewed, which, as already said, are not before us.

*Third.* The third defense, that the plaintiff's claim was subject to an offset in the shape of a judgment obtained against the company in 1891 is disposed of, even if we regard it as properly pleaded, by a consideration of the dates; from which it appears— assuming the plaintiff's claim to be true, and it was so regarded by the jury—that the plaintiff obtained his assignment long before the defendants got judgment, or sued, or had a cause of action. (Code Civ. Proc. § 502.)

*Fourth.* The instrument shows that there was a consideration, in that the defendants offered to give the undertaking to secure any judgment, which was accepted by the company, the undertaking itself having been directed by the court as a condition for denying the motion for an attachment. The recitals therein are: "If such an undertaking be given and approved, * * * the motion for an attachment may then be denied by an order to that effect." Whether an order denying the motion was entered or not can make no difference, the motion so to enter being a matter which more nearly concerns the parties proceeded against, or their sureties, and was something for their benefit which they could do or omit to do; and for their failure the company or the plaintiff here could not be regarded as having lost any rights. Or, differently expressed, as shown by the facts and the situation of the parties which led up to the giving of the undertaking, the defendants were being proceeded against as for a contempt. To terminate this proceeding and release themselves from the possibility of an adverse order, they offered to give an undertaking to pay any judgment that might be recovered by the company. This offer being made, the court decided that the

giving of such an undertaking should lead to a denial of the motion and that an order should be thereafter entered to that effect. In pursuance of such determination and the order entered thereon, the parties proceeded against caused the undertaking to be executed and delivered to the company, which accepted it as it was authorized to do by the order, which was the outcome of the application upon the proceeding for contempt. After its acceptance by the company, the defendants were at liberty to enter an order denying the motion for an attachment, and their failure to do so cannot affect the undertaking which was given and accepted upon what we deem to have been sufficient consideration.

The further insistence that there was no statute requiring such an undertaking to be given is without force, because this undertaking was good at common law, and, being based upon a sufficient consideration, it is binding on the sureties.

*Fifth.* As to the fifth defense, it is true, as already stated, that this was not a statutory undertaking and did not run to any party of the second part; but the reasonable construction is, that it was an agreement to pay the judgment if one should be recovered by the Lawrence Beach Company, and the claim upon which such judgment was afterwards founded being the property of the company, it was assignable; and having been assigned, together with the undertaking, to the plaintiff, the judgment based thereon became as much the property of the plaintiff under the assignment, and as clearly enforcible by the assignee, as it would have been by the company if no assignment had been made.

These defenses disposed of, there remain to be considered the exceptions taken to rulings upon evidence. It is claimed that the court erred in admitting the assignment of the claim to plaintiff, upon the ground that it was a void instrument, because it was not shown to be the act of the corporation by proof of the resolution which authorized such assignment. The difficulty with this objection is, that it was not taken in the court below when the assignment was offered in evidence. It was then objected to as incompetent and immaterial. That it was neither clearly appears. The assignment itself was under the seal of the company, and signed by its president, and in the acknowledgment is the sworn statement of that officer that the signature and the seal were affixed by order of the

board of trustees of the corporation. If it was sought to challenge the accuracy of this statement of the president, it should have been pointed out on the trial, so that the trial judge could have his attention called to the point of the objection. In other words, if the proper foundation in appellants' view had not been laid for its introduction, this should have been called to the court's attention, and then, if the objection was sustained, further proof might have been produced. Such a question was not raised in the trial court by an objection that it was incompetent and immaterial.

Considering this, as well as the other exceptions presented, we find no error which would justify our interfering with the judgment, which we think should be affirmed, with costs.

PARKER, J., concurred; VAN BRUNT, P. J., dissented.

Judgment affirmed, with costs.