RAYMOND v. HOGAN et al.

(Supreme Court, Appellate Division, First Department.    November 13, 1896.)

COUNTERCLAIM—ALLOWANCE AGAINST ASSIGNOR.

    A counterclaim for damages arising from defects in a heating apparatus sold to defendant cannot be allowed against the assignee of a mortgage given by defendant for the price, where the contract of sale provided that the seller would, within a reasonable time after notice of any defect in the apparatus, remedy it at his own cost, but no notice of any defects had been given at the time of the assignment; Code Civ. Proc. § 502, subd. 1, providing that, in an action on an assigned claim, the demands in favor of defendant against the assignor which are allowable as a counterclaim are such as might have been allowed against the assignor while the claim belonged to him.

Appeal from special term, New York county.

Action by George H. Raymond against Bridget Hogan and another to foreclose a mortgage. There was a judgment in favor of plaintiff, and defendants appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Edmund Luis Mooney, for appellants.

Frederick Seymour, for respondent.

INGRAHAM, J. The action was brought to foreclose a mortgage to secure the payment of a bond executed on the 31st day of May, 1893, the Foskett & Bishop Company, a corporation organized under the laws of the state of Connecticut, being the mortgagee. On the 12th day of June, 1893, the corporation (the mortgagee) assigned the bond and mortgage to this plaintiff, who thereupon became, and continued to be down to the trial of the action, the owner and holder thereof. The defendants, in their answer, admit the making of the bond and mortgage, but set up, for a further and separate defense, and as and for a counterclaim, the fact that the mortgage was given to the said corporation in payment of the contract price of a hot water heating apparatus. The defendants alleged that by an agreement between the firm of Foskett & Bishop and the defendant Patrick Hogan, the said Foskett & Bishop agreed to furnish and erect in certain buildings situated on the southwesterly corner of 142d street and Seventh avenue, in the city of New York, the said hot-water heating apparatus; that by the said agreement the said Foskett & Bishop guarantied that the said apparatus should heat the said premises satisfactorily wherever, in said premises, radiators were placed, but that the said apparatus was and is imperfect, and has failed to heat said premises as guarantied; that the said Foskett & Bishop, or the said Foskett & Bishop Company, promised and agreed to remedy the defects in said apparatus, and requested this defendant or her said husband to execute and deliver a bond and mortgage, as provided for in said contract; that thereupon the bond and mortgage mentioned in the complaint was executed and delivered to the said Foskett & Bishop, or the said Foskett & Bishop Company, in consideration of said agreement for the furnishing of said hot-water heating apparatus

and said guaranty, and for no other consideration whatsoever; that the said guaranty was, before the commencement of this action, broken and violated, and these defendants have sustained damage in the sum of $3,000. And the defendants demanded judgment that the complaint be dismissed, and that they recover $3,000 from the plaintiff.

The original contract was made between these defendants, Patrick Hogan, and Foskett & Bishop, the defendant Bridget Hogan guarantying the contract. Subsequently the bond and mortgage in question was executed by the defendants to the Foskett & Bishop Company, a corporation organized under the laws of the state of Connecticut. It appeared that, between the making of the contract and the execution of the mortgage to the corporation, the firm of Foskett & Bishop assigned and transferred to the said corporation the stock in trade, fixtures, and all other property owned and used in the manufacture and sale of steam traps, etc., the business in which said firm was engaged, together with all book accounts and other debts due to said vendors by reason of their said business, and also the good will of said business; said corporation assuming and agreeing to pay all accounts due from and owing by said purchasers in their said business to all persons whatsoever, and this assignment being dated March 20th, 1893. Subsequent to this assignment to the corporation the defendants executed the bond and mortgage in question to the corporation. By the contract between the co-partnership of Foskett & Bishop and these defendants it was provided that:

"When the apparatus herein proposed to be furnished is completed, in accordance with the conditions hereof, we guaranty that it shall be capable of warming all rooms mentioned in the schedule to the temperature mentioned therein, when the outside temperature is at zero, provided our printed instructions for the management of the heater are followed, and that good coal of suitable size is used, satisfactorily, where radiators go. If, after this apparatus shall have been accepted by you, any part thereof, constructed by us under this proposal, shall fail to accomplish the guaranty herein contained, by reason of any defect in the same, we agree to remedy such defect at our own costs, within a reasonable time after receiving · written notice of such defect."

In a copy of the proposals and specifications produced by the defendants, which appear to have been submitted to the defendants by Foskett & Bishop, but not signed by the defendants, after the words "good coal of suitable size," in the guaranty, appear the words "heating satisfactorily where radiators go"; the word "heating" being added to the words contained in the specifications to which the contract signed by the defendants had been annexed. The defendants testified that, after the work had been completed, the corporation applied for the bond and mortgage, the consideration for the work done, in answer to which application the defendant said:

" 'Now, we haven't had any chance to try this. How will it be if it does not work satisfactorily?' He said [meaning the plaintiff, who was the manager of the corporation], 'You have had no trouble in 120th street, and it is not likely you will have any here; and, if you do, of course, we will attend to it.' "

That was in May, 1893, and subsequently to that conversation the bond and mortgage in question was executed and delivered to the corporation, and subsequently, and on the 12th day of June, 1893, assigned to the plaintiff. This conversation was denied by Mr. Raymond. He testified that nothing was said about the apparatus not being satisfactory at the time of the execution of the mortgage; but, however that might be, neither of the defendants there made any objection to the sufficiency of the heating apparatus, no claim was there made that the contract had not been satisfactorily complied with by the corporation, and no notice that the apparatus was out of order was given by the defendants until the winter of 1894 and 1895.

In June, 1893, the mortgage in question was duly assigned and transferred to the plaintiff; and on the 20th of July, 1894, an agreement was executed, between the defendant Bridget Hogan and the plaintiff, wherein the assignment by said corporation to the plaintiff of the said mortgage, and the ownership by the defendant Bridget Hogan of the premises covered by the mortgage, is recited. The said agreement provides for an extension of the time for the payment of the mortgage, upon condition that the defendant Bridget Hogan shall pay all arrears of interest upon the first mortgage and all taxes upon the property, and shall, upon the first day of each month, pay $50 on account of the principal; "but if the party of the first part shall not perform each and every of the conditions above specified, then the principal sum of said bond and mortgage shall forthwith become due and payable, without notice or demand." Thus, before any notice had been given to the firm of Foskett & Bishop, or to the corporation who had succeeded to that firm, that the said heating apparatus was not in all respects satisfactory, and a full compliance with the contract, this mortgage had been assigned to the plaintiff by the mortgagee, and for a valuable consideration the defendants had agreed to pay the mortgage to the plaintiff. At the time of the assignment to plaintiff, and this agreement between the defendants and the plaintiff, no counterclaim existed in favor of either of the defendants against either the plaintiff, Foskett & Bishop, or the corporation. The apparatus had been accepted, and by the contract, if, after its acceptance, it should fail to accomplish the result by reason of any defect in the same, the firm of Foskett & Bishop agreed to remedy such defect within a reasonable time after receiving written notice of the defect. That was the guaranty, and it was that obligation, if any, that the corporation assumed. No obligation existed on the part of the firm of Foskett & Bishop, or the corporation, under this agreement of guaranty, until written notice of the defect had been given to the corporation; and then the contractors were bound to repair any defect, and, if it failed, Foskett & Bishop, or the corporation, would be liable for such damage as had been caused in consequence of its refusal to make such repairs or changes as would make the work conform to the contract. No such cause of action existed in favor of the defendants against the corporation when this mortgage was assigned to the plaintiff, and when the defendant agreed to pay to the

plaintiff the amount due on the mortgage there was no cause of action existing in favor of the defendants that could be pleaded in an action to foreclose the bond and mortgage as an offset to the amount due to the plaintiff thereon.

By subdivision 1, § 502, of the Code of Civil Procedure, it is provided that:

"If the action is founded upon a contract, which has been assigned by the party thereto, other than a negotiable promissory note or bill of exchange, a demand existing against the party thereto, or an assignee of the contract, at the time of the assignment thereof, and belonging to the defendant in good faith, before notice of the assignment, must be allowed as a counterclaim, to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him."

This alleged cause of action against Foskett & Bishop, or the corporation, not existing against such corporation or firm at the time of the assignment of the bond and mortgage, the contract upon which the action is founded cannot be allowed as a counterclaim to the amount of the plaintiff's demand.

The judgment below was, therefore, entirely right in dismissing the counterclaim, and it should be affirmed, with costs. All concur.