(17 App. Div. 419.)

MARTENS–TURNER CO. v. MACKINTOSH.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

PAYMENT—EXTENSION OF TIME—ACCEPTING NOTE.

Accepting a note for an existing indebtedness suspends the right of the creditor to sue on such indebtedness until the maturity of the note.

Appeal from trial term, New York county.

Action by the Martens-Turner Company against James Mackintosh. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

George W. Stephens, for appellant.
Terry Smith, for respondent.

INGRAHAM, J. The action was brought to recover upon two causes of action. The first was a cause of action for goods sold and delivered; and the second also for goods sold and delivered, upon a credit, alleging that the credit was obtained by false repre-

sentations. The answer of the defendant admitted the sale and delivery of the goods set forth in the first cause of action, alleging the commencement of the action on the 24th day of December, 1894, and that, at the time the said action was commenced, nothing was due from the defendant to the plaintiff except the amount due on a note of $323.11, and further alleging that the defendant had given to the plaintiff promissory notes for the goods sold and delivered in the cause of action set up in the complaint; that the plaintiff had accepted the said notes, such notes being given in payment, and not otherwise, of the entire amount which was due and owing from the defendant to the plaintiff; and that said notes were not due at the time of the commencement of the action, except the note for $323.11; and denied the allegations of the second cause of action, as to the fraud alleged. Upon motion, judgment was entered in favor of the plaintiff for the amount of the promissory note admitted to be due, and upon the trial the court, on motion of the plaintiff, directed a judgment for the balance of the amount claimed to be due, on the ground that the giving by the defendant and the acceptance by the plaintiff of a promissory note for the amount of the sale of such goods was not an extension of the time of payment, but that, notwithstanding the giving and acceptance of the notes in payment of the indebtedness, which notes were not due at the time of the commencement of the action, the plaintiff could at any time maintain an action to recover the price of the goods sold and delivered. The counsel for the respondent refers to but one authority as justifying the decision of the court below, viz. Graham v. Negus, 8 N. Y. Supp. 679. That case is opposed to a long line of authorities in this state (including decisions of the court of appeals upon the exact point), in England, and many of the other states. The rule is stated in 18 Am. & Eng. Enc. Law, p. 177, as follows: "The taking of a note for a debt, whether such note is negotiable or not, operates to suspend the right of the creditor to sue on the original cause of action until after the maturity of the note;" and the cases to which reference is made in the note amply sustain this proposition. It was expressly decided by the court of appeals in this state in the cases of Happy v. Mosher, 48 N. Y. 313, and Hubbard v. Gurney, 64 N. Y. 457. Whether, upon this allegation in the answer, the acceptance of the note was an extinguishment under the original obligation to pay for the goods sold and delivered, it is not necessary to determine. At least, the acceptance of the notes was a suspension of the right to sue for the amount due upon the original cause of action for goods sold and delivered. The consideration for this suspension of the right to enforce the obligation is apparent. By the execution of the promissory note the debtor places in the hands of the creditor an obligation which imposes upon him a much more onerous obligation than that upon the mere agreement to pay money. By it the creditor has the right to transfer by mere indorsement and delivery the obligation of the debtor, which, in the hands of the indorsee for value before maturity, imposes upon the maker of the note an obligation to pay, regardless of any equities which exist between himself and his original creditor. That this

right of transfer to such a third party gives to the creditor an important advantage, and imposes upon the debtor an increased liability, is apparent, and is certainly an ample consideration for an agreement, implied by the delivery of the note, that at least the right to enforce the original obligation should be suspended until a failure to pay the note when due. That this must be so is apparent from the fact that such a right to transfer the note by indorsement exists. Upon such transfer it is apparent that the right to sue upon the original cause of action would be suspended, not only until the note was due, but until the note so delivered had again become the property of the original debtor. To hold that, notwithstanding the giving and acceptance by the original creditor of a note for the amount of the indebtedness, such original creditor could at once commence an action to collect the original indebtedness, would expose such a debtor to a twofold liability in case of the transfer of the note, and would be to allow a violation of a clearly-implied agreement for which there was ample consideration. We think it quite clear that, both upon principle and authority, the giving and acceptance by the creditor of a note for an existing indebtedness at least suspends the right of the creditor to sue on such indebtedness until after the maturity of the note, and that the direction of the verdict was erroneous.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.