(24 Misc. Rep. 731.)

### HOROWITZ v. BRODOWSKY et al.

(Supreme Court, Appellate Term. October 5, 1898.)

SET-OFF—UNMATURED CLAIMS—ASSIGNMENT.

> In an action for the price of certain merchandise sold to defendants by plaintiff's assignor, defendants pleaded a set-off on account of the sale of certain goods by them to such assignor, for a portion of which he had given his note; and the amount thereof, though it had not yet matured, was allowed by the trial justice, by way of set-off. *Held* error, as defendants could set off only such claims against plaintiff's assignor as had matured before the assignment, and which belonged to them in good faith, without knowledge of such assignment.

Appeal from Seventh district court.

Action by Jacob Horowitz against Barnett Brodowsky and others. Judgment for defendants for $4.33 damages and $10 costs. Plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Saul Bernstein, for appellant.

William L. Mathot, for respondents.

GIEGERICH, J. It is undisputed that the plaintiff's assignor, one Samuel Rubenstein, sold and delivered to the defendants a pair of diamond earrings at the agreed price of $199. The defendants having failed to pay for the goods, the plaintiff, to whom the claim was subsequently assigned, commenced this action. The defendants, among other things, pleaded a set-off. The plaintiff, at the trial, admitted the correctness of the items of the bill of particulars touching his claim for the sum of $153.33 so pleaded as a set-off for furniture sold and delivered by the defendants to the plaintiff's assignor, and further admitted that the goods therein mentioned were sold by the defendants to Rubenstein. He denied, however, the payment of the sum of $50, claimed to have been paid by the defendants, on account of said articles of jewelry. The trial justice gave judgment in favor of the defendants for $4.33 damages and $10 costs, and the plaintiff has brought on this appeal. The defendants concede that the justice erred in awarding them any damages whatsoever, and have served notice upon the other side that they will consent to the remission of said sum of $4.33 from the judgment, and its reduction to $10.

The evidence shows that a note was given by the plaintiff's assignor to the defendants for $100, payable on May 25, 1898, which was credited to him on account of the purchase price of the furniture; and the amount of this note, although it had not yet matured, was allowed by the justice by way of set-off. It is a familiar rule that a defendant can only offset such claims against the plaintiff's assignor as matured before the assignment, and which belonged to him in good faith, without knowledge of the assignment; and that any defense available to plaintiff's assignor against the set-off is available to the plaintiff. Myers v. Davis, 22 N. Y. 489; Martin v. Kunzmuller, 37 N. Y. 396; Norton v. McCarthy, 10 Misc. Rep. 222, 30 N. Y. Supp. 1057. In the case at bar the trial took place and the judgment was rendered prior to the maturity of the note in question. The right of the defendants to sue thereon being then suspended (Martens-Turner Co. v. Mackintosh, 17 App. Div. 419, 45 N. Y. Supp. 275), it is manifest that they should not have been credited with the amount thereof, as they were, and that to that extent, at least, the judgment was erroneous.

It follows from these views that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.