(45 Misc. 389)

## MANDIGO v. CONWAY et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. DEEDS—INCUMBRANCES—COVENANTS—BREACH—RIGHT OF REMOTE GRANTEE.
   Where the deed from defendant's ancestor to plaintiff's grantor covenanted against incumbrances, and plaintiff paid certain assessments, which were unpaid when the premises were conveyed to her, subject to taxes and assessments, taking an assignment from her grantor of his claim for assessments and for breach of warranty contained in his deed, she acquired no right of action against defendants by virtue of any covenant in her deed, but her right, if any, rested on the assignment.

2. SAME—ASSIGNMENT—RIGHT OF ASSIGNEE.

Where the grantee under a covenant against incumbrances conveyed the premises to plaintiff before he paid certain assessments, and before he had been disturbed in his possession, and assigned his claim for breach of covenant to plaintiff, she acquired no greater cause of action by the assignment than he possessed, and was entitled to only nominal damages.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Jennie F. Mandigo against Edward S. Conway and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Charles S. Coleman, for appellants.

Stephen H. Jackson, for respondent.

BISCHOFF, J. The material facts in this case are substantially undisputed. In the year 1831 Samuel B. Ruggles conveyed certain real property situated near Lexington avenue and Twenty-Third street to trustees, the property thus conveyed now being known as "Gramercy Park." These trustees were required to lay out ornamental grounds, etc., and preserve the said grounds for the use and enjoyment of the owners of 66 lots immediately surrounding the park. The trustees were also required to pay the taxes and assessments which were levied upon the park, and divide those charges pro rata among the owners of the several lots aforesaid. Upon a portion of the property covered by lots Nos. 42 and 43 a house was built, numbered 139 West Twenty-First street. In 1888 this property became the property of John R. Conway. Conway died in that year, and in 1889 his heirs, the defendants in this action, conveyed the property to one Henry H. Jackson. The deed of conveyance contained this covenant: "That said premises are free from incumbrances, except mortgages thereon, amounting to the sum of $19,000." At the time this deed was delivered to Jackson, the pro rata share of the taxes and assessments upon this property, and which had been paid by the trustees, amounted to the sum of $162.78. Jackson, the grantee named in the Conway deed, did not pay those taxes, nor did he attempt to compel the Conway heirs to do so. In June, 1903, Jackson sold and conveyed the premises to this plaintiff, Mrs. Mandigo. His deed contained this covenant: "The said premises are conveyed subject to any taxes, assessments or charges levied by the Trustees of the above-named park or square." Some months after, the plaintiff recorded her deed and took possession of the premises, and paid to the trustees of Gramercy Park the sum of $234.38, being the amount of the taxes aforesaid and interest thereon. Before she made such payment she took an assignment from Jackson, which assigns to her "a claim due me for the proportionate share for Gramercy Park taxes and for breach of warranty and covenants contained in deed," etc. She then brought

this action. The claim of the plaintiff is set forth in the brief of her counsel as follows:

"The claim in this case is for the proportionate share which accrued while Conway owned it, and which was paid by Jackson and his assignee. * * * The right of Henry H. Jackson to the payment of the taxes claimed is under the covenant against incumbrances contained in the deed from Conway to Jackson. * * * These taxes and incumbrances first as taxes and liens, and also by way of mortgage upon the land under the provisions of the two deeds from Ruggles to Davis. * * * Plaintiff does not claim under a covenant contained in the deed from Jackson to her, but does claim under the assignment of Jackson's claim for damages for breach of contract contained in deed from Conways to Jackson."

Plaintiff's claim, as thus defined, is somewhat obscure and indefinite, but will be considered as based upon two grounds: First, a claim to recover by virtue of a covenant running with the land, and contained in the deed from the Conways to Jackson, which covenant, it is claimed, inures to the plaintiff; and, second, the claim of the plaintiff to recover the amount paid by her by reason of Jackson's assignment to her.

That ordinarily a covenant similar to that contained in the deed from the Conways to Jackson is one that runs with the land must be conceded, but the right of the plaintiff, under the facts shown in this case, to recover upon such a covenant, has been passed upon by the Court of Appeals in the case of Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993, 82 Am. St. Rep. 659. In that case the court said:

"The plaintiff is the remote grantee of lands which defendant's testator owned on the 29th day of January, 1892, and on that day conveyed to one Knabe by deed with full covenants. At the time of this conveyance the lands were incumbered by a local assessment amounting to $224.41, with interest. On the 12th day of March, 1892, Knabe conveyed the land to one Brierly, expressly subject to the assessment; and on the 2d day of October, 1893, the latter conveyed to the plaintiff, with a covenant against incumbrances. On the 23d day of October, 1896, the plaintiff was obliged to, and did, pay the assessment, amounting to $341.41, in order to discharge the lien upon the land; and he now seeks to recover that sum, with interest, from the personal representatives of the original grantor from whom the title was derived."

The principal difference between the two cases is that in the Geiszler Case the plaintiff was one degree further removed from the original grantor than is the plaintiff in this case. The following shows the change of title in the two cases:

Geiszler Case: DeGraaf, deceased, to Knabe. Deed with full covenants. Knabe to Brierly. Deed expressly subject to assessment. Brierly to Geiszler. Deed with covenants against incumbrances.

Case at bar: Conway heirs to Jackson. Deed with full covenants. Jackson to Mandigo. Deed subject to Gramercy Park assessments.

In the Geiszler Case, upon the right of Brierly to recover, had he sued, the court said:

"It is true that he [Brierly] did not pay, but conveyed to the plaintiff with a covenant against incumbrances. But the plaintiff acquired only such rights as his immediate grantor could assert against such prior grantors. The plaintiff's grantor did not transmit to him any cause of action against the defendant. The covenant in the plaintiff's deed is a new covenant, and not the assignment of an old one. On the new covenant the plaintiff's grantor is

liable, but the liability extends only to him, and cannot through him extend to prior parties. The plaintiff is under the same disability as his grantor, since he is in privity with him."

It follows, therefore, that the plaintiff acquired no right of action by virtue of any covenant contained in Jackson's deed to her, but that her right to recover damages must rest upon the cause of action, if any there was, given by the assignment of Jackson.

It thus becomes necessary to ascertain what right of action Jackson had at the time he made the assignment thereof to the plaintiff. He was a grantee under a covenant against incumbrances. He had not paid the lien, if any there was, nor had he been disturbed in the possession of property purchased by him of the Conway heirs. In such a case, had he brought an action for breach of the covenant of his grantors, he could have recovered no more than nominal damages. "It is a general rule that the grantee under a deed containing a covenant against incumbrances, who has not been disturbed in his possession, and who has not paid the mortgage or other money lien upon the land, is not entitled, in an action for the breach of the covenant, to recover more than nominal damages." McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490. "The principle of the decision is that a covenant against incumbrances is treated as a contract of indemnity, and, although broken as soon as made, if broken at all, nevertheless a recovery, beyond nominal damages, is confined to the actual loss sustained by the covenantee by reason of the payment or enforcement of the incumbrance against the property. Delavergne v. Norris, 7 Johns. 358, 5 Am. Dec. 281." Jackson expresssly required the payment of the taxes by his grantee. He could give the plaintiff no greater cause of action by assignment than he possessed, and consequently all the damages that the plaintiff herein became entitled to by virtue of her assignment from Jackson was one for nominal damages only. The judgment must be reversed.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event. All concur.