(54 Misc. Rep. 386)

D'AMELIO v. ABRAHAM et al.

(Supreme Court, Special Term, New York County. May, 1907.)

1. COVENANTS—BREACH—DAMAGES—NOMINAL DAMAGES—INCUMBRANCES.

Where a grantor covenanted against incumbrances, the grantee can recover only nominal damages because of the existence of an incumbrance, until he pays it or is disturbed in his property.

[Ed. Note.—For cases in point. see Cent. Dig. vol. 14, Covenants, § 239.]

2. SET-OFF AND COUNTERCLAIM—AGAINST ASSIGNED DEMANDS.

Where a grantor covenanted against incumbrances by his deed. and thereafter assigned the purchase-money mortgage, and there was in fact an unpaid assessment on the property, the grantee can assert no counterclaim against the assignee of the mortgage because of the breach of the covenant in the deed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 107–113.]

Action by Michele D'Amelio against Jacob Abraham and others to foreclose a mortgage. Judgment for plaintiff.

J. H. Cone, for plaintiff.

L. Levy, for defendants.

TRUAX, J. This action is brought to foreclose a mortgage for $650 and interest on certain real estate situated in this county. The mortgage was a purchase-money mortgage, and was executed and delivered by the defendants Morris Abraham and Jacob Abraham to Joseph McEvoy on January 2, 1906. The deed by which McEvoy conveyed to the Abrahams was a full covenant warranty deed. Thereafter on May 1, 1906, McEvoy assigned and delivered said mortgage and the bond accompanying it to this plaintiff. The assignment of mortgage was recorded May 16, 1906. The plaintiff is now the owner and holder of said bond and mortgage for value. At the time this deed, bond, and mortgage were delivered, to wit, on January 2, 1906, the said premises were incumbered by an assessment against the same amounting to $277.57; and it is conceded, for the purpose of this case, that the existence of said assessment was a breach of the covenant against incumbrances contained in the above-mentioned deed, and that the Abrahams have a right to look to McEvoy for indemnity. This assessment, however, although a lien on said premises, was not paid off by the defendants Abraham until the 23d day of May, 1906, 22 days after the assignment of mortgage was made to this plaintiff, and 9 days after said assignment was recorded in the register's office.

This mortgage by its terms is payable in two installments. One of those installments, $325, became due October, 1, 1906, and the other or last installment by its terms was made payable July 1, 1907. The defendants concede that the installment of October 1, 1906, is due and unpaid; but they seek to deduct therefrom the amount of the assessment which they paid on May 23, 1906, to wit, $277.57. As to the last installment the plaintiff claims that, having given the notice of 30 days required by the mortgage tax clause in the mortgage, such 30 days having now expired, he is entitled to collect the second installment

also. I am of the opinion that the defendants Abraham have no valid counterclaim againt this plaintiff. It is provided, by section 502, subd. 1, of the Code of Civil Procedure:

"But the counterclaim, specified in subdivision second of the last section, is subject to the following rules: 1. If the action is founded upon a contract, which has been assigned by the party thereto, other than a negotiable promissory note or bill of exchange, a demand, existing against the party thereto, or an assignee of the contract, at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim, to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him."

Before examining the language of this section, it is to be noted that the right of set-off and counterclaim is entirely statutory, and is to be measured by the terms of the section, and nothing is to be read in by implication; and the right, therefore, of these defendants to sustain the counterclaim pleaded is dependent on whether they can show that they are within strict wording of the statute. Willover v. First Nat. Bank of Olean, 10 Civ. Proc. R. 80. Before the counterclaim can be interposed to defeat an assignee, two conditions must exist: (a) The demand (that is, the counterclaim) must have existed at the time of the assignment. (b) The defendant must not have had notice of the assignment. These two conditions are indispensable, for the conjunction "and," and not "or," is used. We claim in this case that the defendants' counterclaim fails on the very first proposition, to wit, that this counterclaim did not exist at the time the mortgage was assigned (May 1, 1906), and therefore cannot be counterclaimed against this assignee plaintiff. Just what the words "existing demand" mean in the statute has been the subject of judicial construction and was settled early after the adoption of that section. A few of the cases are herewith cited.

In Martin v. Kunzmuller, 37 N. Y. 396, it was held that an allowance to a party by way of set-off is always founded on an existing demand in præsenti, and not on one that may be claimed in futuro. In an action by an assignee the defendant cannot set off a note made by the assignor which fell due after the assignment of the subject of the action was made. In this case the counterclaim consisted of three promissory notes, all of which were in the hands of the defendant at the time of the assignment of the cause of action upon which the suit was brought to the plaintiff; but only two of said notes were actually due at the time. The court permitted the defendant to counterclaim the two notes which had become due prior to the assignment, but refused to allow the third one which became due afterward. The court said that it would seem to be very clear, then, that the defendants had no right to set off the third note against the demand in suit; for at the time of the assignment this note had not become due and was not then such a demand as might have been set off against the assignees while the contract belonged to them. The question is: If plaintiff's assignors at the time of the assignment had commenced action against the defendants to recover on said contract, could defendants have set off the third note? And the court answers the question in the negative.

In the case of Raymond v. Hogan, 10 App. Div. 189, 41 N. Y. Supp. 971, the situation seems to be almost analogous with that disclosed in the case at bar. In that case the action was to foreclose a mortgage which had been given to secure the purchase price of certain hot-water apparatus put in the buildings. At the time defendant executed the mortgage to plaintiff's assignor, plaintiff's assignor executed a guaranty against defects in said apparatus, providing that, if by reason of any defects the apparatus did not fulfill the guaranty, they would remedy the effects at their own cost within a reasonable time after receiving written notice of such defect. Before the defendants ever gave any written notice of any defect, or made any claim that the apparatus was defective, the plaintiff's assignor assigned said bond and mortgage to the plaintiff. It was held that the defendants could not sustain a counterclaim as against these assignee plaintiffs based upon alleged defects in the heating apparatus. "This alleged cause of action against Foskett and Bishop [assignors] not existing against such corporation or firm at the time of the assignment of the bond and mortgage, the contract upon which the action is founded cannot be allowed as a counterclaim to the amount of the plaintiff's demand."

The case of Mandigo v. Conway, 45 Misc Rep. 289, 90 N. Y. Supp. 324, is an interesting case on this point. In this case an assignee of a cause of action for damages for breach of the covenant against incumbrances sued. It appeared that he had paid the incumbrance, consisting of an assessment, but only after the assignment to him. It was held that the only cause of action that plaintiff's assignor had at the time of assignment was one for nominal damages, and that, as the assignee's rights were measured by the assignor's, he could not recover the amount he had paid, etc.

In the case of Norton v. McCarthy, 10 Misc. Rep. 222, 30 N. Y. Supp. 1057, it was held that, in an action brought by an assignee, the defendant could only set off or counterclaim such claims against the assignee as were due or had matured at the time of the assignment of the claim in suit. It was further held, construing said section, that the defendant could only set off such claims against plaintiff's assignor as were due or had matured at the time of the assignment to plaintiff of the claim in suit.

To same effect, see Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456. Also see Hamilton v. Piza, 6 App. Div. 598, 39 N. Y. Supp. 773; Eder v. Gildersleeve, 85 Hun, 411, 32 N. Y. Supp. 1056; Lucas v. East Stroudsburg Glass Co., 38 Hun, 585; Bayne v. Hard, 77 App. Div. 251, 79 N. Y. Supp. 208, 254.

The principle deducible from the authorities, therefore, is that the right of the defendant to counterclaim against an assignee plaintiff is measured by what the defendant's rights were at the time of the assignment. Just so much, and no more, as the defendant would have had a right to deduct from plaintiff's claim on the day of (and if he had not made) such assignment, he may now deduct.

This brings us face to face with the remaining proposition, namely: When did Abraham's right to recover $277.57 against McEvoy accrue? The answer to that question is: On the 23d day of May, 1906, the day

they paid off the assessment; and, inasmuch as that was subsequent to the assignment of the bond and mortgage, they will have to pursue Mr. McEvoy for it, and cannot deduct it from this plaintiff's recovery. The existence of this assessment was a breach of McEvoy's covenant against incumbrances, contained in his deed. This being an incumbrance which can be measured in dollars and cents, the Abrahams might have waived until they were evicted thereunder, or they had an option (as they exercised it in this case) to voluntarily pay same off; but, until either of these things occurred, they could not have recovered the said $277.57 from McEvoy. In the case of McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490, it is said:

"It is the general rule that a grantee under a deed containing a covenant against incumbrances, who has not been disturbed in his possession and who has not paid the mortgage or other money lien on the land, is not entitled, in an action for the breach of the covenant, to recover more than nominal damages. This rule was declared with great distinctness and has been steadily adhered to in this state. The principle of the decision in Delavergne v. Norris, 7 Johns. (N. Y.) 358, 5 Am. Dec. 281, is that a covenant against incumbrances is treated as a contract of indemnity, and, although broken as soon as made, if broken at all, nevertheless a recovery (beyond nominal damages) is confined to the actual loss sustained by the covenantee by reason of the payment or enforcement of the covenant against the property. * * * If he has not extinguished it, * * * his damages are but nominal; for he ought not to recover the value of an incumbrance or a contingency where he may never be disturbed by it."

The case of Mandigo v. Conway, 45 Misc. Rep. 389, 90 N. Y. Supp. 324, cited above, is also pertinent on this proposition.

In Stern v. Hesdorfer, 9 Misc. Rep. 136, 29 N. Y. Supp. 281, it was held no cause of action could be founded on any allegation of the complaint for the breach of the covenant against incumbrances, first, because no proof was offered on the trial of any incumbrance paid off or discharged by plaintiff; and, second, because without such proof no cause of action would lie for more than nominal damages in any event.

At the time the action was commenced, the second installment of the mortgage was not due, and for that reason plaintiff cannot recover in this action the second installment    Judgment is ordered for the plaintiff.

Judgment for plaintiff.