## SAVAGE v. SULLY.

### (Supreme Court, Appellate Term.  November 10, 1911.)

1. ARREST (§ 9*)—FREEDOM FROM ARREST—WAIVER.

    Defendant's husband, while temporarily in New York as a witness, was arrested under a body execution, and in order to obtain his discharge defendant contracted to pay the judgment by paying $500 cash and $200 on the 16th of each month thereafter, and did pay $2,700. *Held*, that the execution of such agreement, without any denial of the due issue of the execution and of the debtor's arrest, constituted a waiver of his privilege to be free from arrest while within the state to testify as a witness.

    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 20–32; Dec. Dig. § 9.*]

2. ARREST (§ 9*)—FREEDOM FROM ARREST—PRIVILEGE OF WITNESSES.

    A witness' right to freedom from arrest under a body execution in a civil action, while temporarily within the state for the purpose of testifying, was a personal privilege, which could not be pleaded by his wife in defense of a liability on a contract made by her to pay the judgment in installments to secure his release.

    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 20–32; Dec. Dig. § 9.*]

Appeal from City Court of New York, Trial Term.

Action by Grace W. Savage against Emma F. Sully.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Earle & Russell (John Ingle, Jr., of counsel), for appellant.
William C. Relyea (Walter L. Bunnell, of counsel), for respondent.

GUY, J.  Action to recover three installments, of $200 each, under a contract by which, at the special instance and request of the defendant, the plaintiff discharged the defendant's husband from the sheriff's custody under a body execution for $17,380.16, and extended his time to pay the judgment upon the payment of $500 down and $200 on the 16th of each month thereafter until the entire amount of the judgment, with interest, was paid, upon which extension agreement the defendant's husband had paid $2,700.

The defense relied on at the trial was based upon allegations of new matter that the defendant's husband came to the city to testify as a witness in a pending action between Tiffany & Co. and the defendant; that the levy of and the arrest under the body execution was unlawful, because the husband was privileged and protected from arrest; that the defendant, while ill and in great anxiety of mind, was by reason of the alleged illegal acts of plaintiff coerced to execute the extension agreement, in ignorance of the alleged illegality of her husband's arrest.  A further defense, not relied upon at the trial, was that the defendant's husband procured an extension of his time to pay each installment of $200, by agreeing to defer the payment of all installments after February 25, 1911, for one month, without plaintiff's consent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The pleadings admitted, by nondenial, the due issue of the body execution, the arrest thereunder, and the discharge of the defendant's husband by reason of the extension of his time to pay the judgment by and with the consent of the plaintiff. There was no proof or allegation that the execution was ever vacated or set aside. The nonpayment of the installments sued for was admitted, and the payment of $2,700 thereunder was proved. At the close of the trial, defendant admitted that there was only a question of law. The court ruled that the admissions in the pleadings precluded any consideration of what Mr. Sully's personal privileges might have been if he had not waived them, and directed a verdict for plaintiff.

The admission, by nondenial, of the due issue of the body execution, and of the arrest thereunder, was not qualified by the allegation of new matter of the alleged unlawfulness of such arrest.

[1] Assuming that it was the personal privilege of the defendant's husband to have had the order of arrest vacated, and to have then forthwith returned to Washington, he and she, on the contrary, preferred that he should be enabled to do business here free from arrest or execution under and pursuant to the joint extension agreement to pay the judgment of $17,380.16 in installments of $500 down and $200 a month thereafter. Such an extension was a waiver of any personal privilege of defendant's husband to avoid the arrest.

[2] Moreover, he cannot transfer his personal privilege to his wife, nor can she act as his champion, while he retains all the benefits of the extension agreement. Bianchi v. Leon, 138 App. Div. 215, 223–228, 122 N. Y. Supp. 1004; Van Campen v. Ford, 53 Hun, 636, 6 N. Y. Supp. 139, 140; Farmer v. Walter, 2 Edw. Ch. 601; Eder v. Gildersleeve, 85 Hun, 411, 414, 415, 32 N. Y. Supp. 1056, affirmed 155 N. Y. 672, 49 N. E. 1096; Carr v. Sterling, 114 N. Y. 558, 562–565, 22 N. E. 37; Sebring v. Stryker, 10 Misc. Rep. 289, 30 N. Y. Supp. 1053.

Judgment affirmed, with costs. All concur.